IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

DANIEL B. TAYLOR,                      Tennessee Claims Commission,
                                       Western Division No. 401443
        Claimant/Appellant,                  C.A. No. 02A01-9508-BC-00229

                                       Hon. Martha Brasfield, Commissioner
v.

STATE OF TENNESSEE,

        Defendant/Appellee.

FILED

July 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

DANIEL B. TAYLOR, Pro Se, Memphis.

CHARLES W. BURSON, Attorney General & Reporter, and MEREDITH DEVAULT,
Senior Counsel, Nashville, Attorneys for Defendant/Appellee.

*AFFIRMED*

Opinion Filed:
_____

TOMLIN, Sr. J.

Daniel P. Taylor ("claimant") filed this suit against the State of Tennessee

("defendant" or "State") in the Tennessee Claims Commission for damages he

allegedly sustained due to the malpractice of his court-appointed attorney. The

Claims Commission granted defendant's motion to dismiss for lack of subject

matter jurisdiction. The sole issue presented by this appeal is whether the

commissioner erred in so doing. We find no error and affirm.

In 1989, the Shelby County Criminal Court appointed Harry U. Scruggs to

represent claimant in a post-conviction relief proceeding. Mr. Scruggs handled

claimant's suit for approximately four years. In September 1994, Scruggs filed a

motion to withdraw as counsel and have new counsel substituted, which was

granted. This suit followed.

Claimant contends that Scruggs was guilty of legal malpractice, and as a

result negligently deprived him of his statutory and constitutional rights. Defendant

1

filed a motion to dismiss pursuant to T.R.C.P. 12.02(1) & (6) on the grounds that the Claims Commission lacked subject matter jurisdiction to entertain the action, which was granted.

Article 1 Section 17, of the Tennessee Constitution states in part that "Suits may be brought against the State in such a manner and in such courts as the Legislature may by law direct." Tenn. Const. art. 1, § 17. In addition, T.C.A. § 20-13-102(a) (1994) states in pertinent part:

> No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property . . . .

Our legislature has expressly granted to the Tennessee Claims Commission exclusive jurisdiction to determine all monetary claims against the state, classifying such claims into various categories. T.C.A. § 9-8-307(a)(1) (Supp. 1995).

Claimant contends that Scruggs, as a court-appointed attorney, was a state employee, which thereby gave the Claims Commission jurisdiction to entertain his suit. Claimant relies upon T.C.A. § 8-42-103(b) for this proposition, which reads as follows:

> For the exclusive purpose of this section, "state employee" also includes attorneys appointed by a court, or other agency authorized by law to make such appointments, to represent an indigent when a civil action for damages is commenced against such attorney for any act or omission in the course of representing such indigent. <u>Notwithstanding any provision of law to the contrary, such attorney shall not be considered a state employee for any other purpose including, but not limited to, §§ 9-8-112 and 9-8-307.</u>

T.C.A. § 8-42-103(b) (Supp. 1995) (emphasis added).

Claimant's interpretation of and reliance upon T.C.A. § 8-42-103(b) is in error. The crux of Title 8, Chapter 42 of the Code is found in T.C.A. § 8-42-103, entitled "Defense Counsel for State Employees." This section states that under certain

2

defined conditions, a state employee who is sued in a civil action for damages for any act or omission in the course of his employment will be provided defense counsel by the state. T.C.A. § 8-42-103(b) states in simple terms that a court-appointed attorney assigned to represent an indigent who is thereafter sued by the indigent for damages arising as a result of this representation is a "state employee," and may avail himself of defense counsel provided by the state. As noted, T.C.A. § 8-42-103(b) specifically provides that such attorney will not be considered a state employee for any other purpose, including, but not limited to, T.C.A. § 9-8-307, which delineates the jurisdiction of the Tennessee Claims Commission.

The order of the commissioner dismissing claimant's suit is affirmed. Costs in this cause on appeal are taxed to claimant, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

_____
FARMER, J.                    (CONCURS)

_____
LILLARD, J.                   (CONCURS)

3